■ JENNIFER A. DAVIDOFF, an Infant by Her Father and Natural Guardian, RICHARD S. DAVIDOFF, et al., Respondents, v METROPOLITAN BASEBALL CLUB, INC., et al., Appellants. — Order of the Supreme Court, New York County (Gomez, J.), entered July 9, 1982, which denied the defendants' motions for summary judgment, is unanimously reversed, on the law, without costs or disbursements, and the motions for summary judgment dismissing the complaint granted. This action arises out of injuries allegedly suffered by the plaintiff, Jennifer A. Davidoff, when she was hit in the face by a foul ball while attending a baseball game at Shea Stadium. At the time of the incident in question, she was sitting in the front row box seat immediately behind first base, which was separated from the playing field by a three-foot-high fence. According to the Court of Appeals in *Akins v Glens Falls City School Dist.* (53 NY2d 325, 329), "an owner of a baseball field is not an insurer of the safety of its spectators. Rather, like any other owner or occupier of land, it is only under a duty to exercise 'reasonable care under the circumstances' to prevent injury to those who come to watch the games played on its field." The court proceeded to define "reasonable care" as requiring only that the proprietor of a ball park provide screening for the area behind home plate where the danger of being struck by a ball is the greatest. There is no dispute that, in the instant case, the area behind home plate was screened and that the plaintiff was sitting elsewhere. The plaintiffs' attempt to distinguish the situation in *Akins* from the one involved here is unpersuasive. The issue is not whether the game is played at a high school field or a professional stadium, but the standard of care imposed upon the owner or proprietor of the playing field. Thus, Special Term should have granted summary judgment to defendants on the authority of *Akins v Glen Falls City School Dist. (supra).* Concur — Murphy, P. J., Ross, Bloom, Milonas and Alexander, JJ.

■ JOAN McINTEE, Respondent, v ROBERT D. COSTELLO, Appellant. — Appeal from order, Family Court, New York County (Eastman, J.), entered on July 19, 1982, unanimously dismissed as nonappealable as of right, without costs and without disbursements. Were we to reach the merits, we would affirm. The appeal from order, Family Court, New York County (Eastman, J.), entered on September 22, 1982 is unanimously dismissed as nonappealable, without costs and without disbursements. No opinion. Concur — Ross, J. P., Asch, Bloom, Fein and Lynch, JJ.

■ CHECKOUT FASHIONS, INC., et al., Plaintiffs, v IDEAL FOAM CORPORATION, Defendant and Third-Party Plaintiff-Appellant. CITY OF NEW YORK, Third-Party Defendant-Respondent. — Order, Supreme Court, New York County (Blyn, J.), entered on February 25, 1982, unanimously affirmed, without costs and without disbursements. Appeal from order of said court, entered on October 6, 1981, unanimously dismissed as having been superseded by appeal from order entered on February 25, 1982, without costs and without disbursements. No opinion. Concur — Ross, J. P., Asch, Bloom, Fein and Lynch, JJ.

■ STANLEY WEINER et al., as Executors of ROBERT MARK, Deceased, Appellants, v W. R. GRACE PROPERTIES, INC., et al., Respondents. — Order, Supreme Court, New York County (Tyler, J.), entered on December 1, 1981, unanimously affirmed for the reasons stated by Tyler, J., at Special Term, without costs and without disbursements. Concur — Kupferman, J. P., Sandler, Sullivan, Lynch and Kassal, JJ.